# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN PATTERSON,

        Petitioner,

v.

MICHAEL MEISNER,

        Respondent.

Case No. 16-CV-745-JPS

**ORDER**

      Following trial in Milwaukee County Circuit Court, a jury convicted Brian Patterson ("Petitioner") of first-degree reckless homicide.[1] (Docket #15 at 2, #15-1 at 41). Petitioner filed a direct appeal of his conviction with the Wisconsin Court of Appeals and then sought review with the state Supreme Court. (Docket #15 at 3–4, Docket #15-1 at 33–40); *State v. Patterson*, 855 N.W.2d 491 (Table), 2014 WL 3582732 (Wis. Ct. App. July 22, 2014), *review denied by* 857 N.W.2d 617 (Table) (Wis. 2014). On June 22, 2015, the United States Supreme Court denied Petitioner's petition for a writ of certiorari. *See Patterson v. Wisconsin*, 576 U.S. 1040 (2015) (mem.).

      In June 2016, Petitioner filed both a petition pursuant to 28 U.S.C. § 2254 and a motion requesting that the Court stay his petition and hold it in abeyance while he exhausted his state court remedies. (Docket #1, #3). Magistrate Judge David E. Jones granted Petitioner's motion to stay and instructed Petitioner to return to federal court to pursue his habeas petition "within 30 days of the full exhaustion of his claims in

---

[1] *See State v. Patterson*, 2010CF000599 (Milwaukee Cnty. Cir. Ct.) *available at* https://wcca.wicourts.gov (last visited Feb. 10, 2021).

state court." (Docket #9 at 3). In September 2019, the magistrate administratively closed Petitioner's case and directed Petitioner to ask the Court to lift the stay and re-open his case once Petitioner's state court litigation was complete. (Docket #12).

Now before the Court is Petitioner's motion to vacate the stay and abeyance, (Docket #18), and a motion to both reopen Petitioner's case and for leave to file an amended petition. (Docket #21).[2] The Court will grant Petitioner's motion to reopen the proceedings and motion for leave to file an amended petition for a writ of habeas corpus. (Docket #21). Petitioner's proposed amended petition, (Docket #15), shall be the operative petition in this case, and the Court will screen the same.[3] The Court will deny as moot Petitioner's motion to vacate the stay and abeyance. (Docket #18).

Under Rule 4 of the Rules Governing Section 2254 Cases, district courts may conduct an initial screening of habeas corpus petitions. Further, they can summarily dismiss a petition where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 in the United States District Courts. This rule also provides the district court with the power to dismiss both those petitions that do not state a claim upon

---

[2]In July 2020, Petitioner filed a motion to vacate consent to the magistrate judge in light of Magistrate Judge Jones's departure from the Court. (Docket #16). After this case was reassigned to Magistrate Judge Stephen C. Dries, Petitioner did not consent to magistrate jurisdiction and his case was reassigned to this branch of the Court. (*See* Docket #19). Therefore, the Court will deny as moot Petitioner's motion to vacate consent to the magistrate judge.

[3]Petitioner's September 18, 2020 correspondence, (Docket #21-1), makes clear that Petitioner seeks leave to file the proposed amended petition he already filed on July 17, 2020, (Docket #15). (*See* Docket #21-1) ("I have not and cannot attach a copy of the amended petition because I previously filed the only copy in July of this year.").

which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Pursuant to Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

Typically, the Court first considers the timeliness of the petition, to ensure that a state prisoner, who is in custody, files his petition no later than one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012). Although the magistrate did not address this issue, Petitioner timely filed his petition in June 2016.[4] Further, the Court finds that Petitioner has complied with the magistrate's order that Petitioner return to federal court to pursue his habeas petition within 30 days of full exhaustion of his claims at the state level. On June 16, 2020, the Supreme Court of Wisconsin issued an order denying Petitioner's petition for review. (Docket #15-1 at 14).[5] Petitioner declared that he mailed his amended petition on July 15, 2020. (*See* Docket #15 at 13).

---

[4]Petitioner timely filed his habeas corpus petition on June 16, 2016, which was within one year of the United States Supreme Court's denial of certiorari on June 22, 2015.

[5]*See also State v. Patterson*, No. 2016AP383, (Wis. Ct. App.) *available at https://wscca.wicourts.gov/caseSearch.xsl* (last visited Feb. 11, 2021).

Next, the Court analyzes whether Petitioner fully exhausted his state court remedies. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

First, the Court attempts to parse Petitioner's claims to determine whether Petitioner has satisfied the exhaustion requirement. Petitioner's first, second, and third grounds for relief turn on Petitioner's being acquitted of both First-Degree Intentional Homicide, Wis. Stat. Ann. § 940.01 (2010), and Second-Degree Intentional Homicide, Wis. Stat. Ann. § 940.05 (2010), but being convicted of First-Degree Reckless Homicide, Wis. Stat. Ann. § 940.02 (2010). Specifically, he argues that because he was acquitted of intentional homicide, there was insufficient evidence to convict him of reckless homicide, in violation of his due process rights. He also claims that the trial court violated his due process rights by narrowly applying § 940.05 and broadening § 940.02. Additionally, he alleges that by treating § 940.05 and § 940.02 "disjunctively" the trial court violated his due

process rights and right against Double Jeopardy.[6] Further, Petitioner believes that the State failed to negate Petitioner's "perfect self-defense" beyond a reasonable doubt, in violation of his due process rights. He also alleges that he was denied due process, a jury trial, and a unanimous verdict because the self-defense elements of reckless homicide were not presented to a jury.

According to his fourth ground for relief, Petitioner argues that he was denied due process and a jury trial because the trial court used jury instructions that omitted the reasonable-doubt standard and failed to include reference to the State's burden to disprove self-defense beyond a reasonable doubt. (*Id.* at 6). Next, Petitioner argues that he was denied the right to represent himself and that the trial court applied an incorrect standard when evaluating whether Petitioner could represent himself. (*Id.* at 6–7). He also alleges that the trial court "manufactured facts in an order indicating that [Petitioner] requested court-appointed counsel because he was indigent," and that such facts were false because the judge was biased against Petitioner. Thus, the trial court first denied Petitioner the right to represent himself and then denied him the counsel of his choice.

In his sixth ground for relief, Petitioner argues that he was constructively denied counsel and due process when the trial court added the three elements of § 940.02 at the close of evidence. Thus, his counsel was unprepared and unable to provide a meaningful defense, (i.e., this last-

---

[6]The Court is skeptical that, notwithstanding Petitioner's references to "due process" and "Double Jeopardy," Petitioner may be "impermissibly attempting to use a petition for writ of habeas corpus to press his preferred interpretation" of Wisconsin law. *Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009). If such is Petitioner's aim, the Court cautions him that it may not review state court interpretations of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

minute addition rendered his counsel ineffective). Lastly, in his seventh and eighth grounds for relief, Petitioner points to multiple instances where he believes his attorneys, at both the trial and appellate level, were ineffective. (*See id.* at 8–13).

Petitioner exhausted all of the aforementioned claims. He presented them in a post-conviction motion before the Milwaukee County Circuit Court, (*see* Docket #1-2), which subsequently denied him relief. (Docket #15-1 at 22–24). On August 28, 2019, the Wisconsin Court of Appeals summarily affirmed the circuit court's denial, (*see id.* at 15–21), and on June 16, 2020, the Supreme Court of Wisconsin denied review. (*Id.* at 14).

The Court will now analyze whether Petitioner has procedurally defaulted on any of his claims. "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Functionally, procedural default arises when the petitioner either (1) failed to present his claim to the state courts, and it is clear that those courts would now hold the claim procedurally barred, or (2) presented his claim to the state courts, but the state court dismissed the claim on an independent and adequate state procedural ground. *Perruquet*, 390 F.3d at 514; *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *Chambers v. McCaughtry*, 264 F.3d 732, 737–38 (7th Cir. 2001). Because Petitioner presented his federal constitutional claims to the Wisconsin trial and appellate courts and all courts considered them, the Court finds that he has not defaulted such claims.

The Court concludes its Rule 4 review by screening the amended petition for patently frivolous claims. *Ray*, 700 F.3d 996 n.1. Although difficult to parse, the Court cannot say that the Petitioner's grounds for

relief are patently frivolous at this juncture. Therefore, the Court will order briefing on the amended petition in accordance with the schedule outlined below.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for leave to reopen the proceedings and to file an amended petition for a writ of habeas corpus (Docket #21) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Petitioner's motion to vacate the stay and abeyance (Docket #18) and motion to vacate consent to the magistrate judge (Docket #16) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within 30 days of entry of this order, the respondent shall file either an appropriate motion seeking dismissal of this action or answer the amended petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

2. If the respondent files an answer, then the parties should abide by the following briefing schedule:

    a. The petitioner shall have 60 days after the filing of the respondent's answer within which to file a brief in support of his amended petition, providing reasons why the writ of habeas corpus should be issued. The petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by the respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except

    to the extent that the judge finds from the evidence that they are not true."

 b. The respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within 60 days of service of petitioner's brief, or within 120 days from the date of this order if no brief is filed by the petitioner.

 c. The petitioner may then file a reply brief, if he wishes to do so, within 30 days after the respondent has filed a response brief.

3. If the respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

 a. The petitioner shall have 30 days following the filing of the respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

 b. The respondent shall have 15 days following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the amended petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to the State of Wisconsin

Page 8 of 9
Case 2:16-cv-00745-JPS Filed 02/22/21 Page 8 of 9 Document 25

respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one days from the date of the NEF whether the Department will not accept service of process on behalf of the respondent, the reason for not accepting service for the respondent, and the last known address of the respondent. The Department of Justice will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge