# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN A. PATTERSON,

               Petitioner,

v.

MICHAEL MEISNER,

               Respondent.

Case No. 16-CV-745-JPS
7th Cir. Case No. 22-3001

**ORDER**

## 1. INTRODUCTION

On September 26, 2022, the Court issued an order denying Petitioner Brian A. Patterson's ("Petitioner") amended petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, ECF No. 15, and entered judgment accordingly. ECF Nos. 50, 51. On October 20, 2022, the Court received Petitioner's motion (dated October 17, 2022) for a 30-day extension of time to file his notice of appeal. ECF No. 53. On October 24, 2022, the Court granted Petitioner's motion in part and allowed him until November 7, 2022 to file his notice of appeal. ECF No. 53. On November 4, 2022, Petitioner timely filed his notice of appeal. ECF No. 56. In the interim, on October 27, 2022, the Court received Petitioner's motion (dated October 25, 2022) for relief from judgment and reconsideration under Federal Rules of Civil Procedure 59 and 60.[1] ECF No. 54. This Order addresses that motion.

---

[1] The motion states that it is brought under Federal Rules of Civil Procedure 59(a)(2), and 60(b)(1), (3), and (6). Rule 59(a)(2) deals with a motion for a new trial following a trial to the court (rather than to a jury). No trial took place in this 28 U.S.C. § 2254 action. Thus, the Court construes the portion of the motion brought under Rule 59 as a Rule 59(e) motion to alter or amend a judgment.

## 2. TIMELINESS AND LEGAL STANDARD

The "prison mailbox rule" provides that "a notice of appeal filed by a pro se prisoner would be considered 'filed' at the moment of delivery to the prison authorities, rather than at a later point in time after the authorities had forwarded the notice to the court and the court had formally recorded its receipt." *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (citations omitted). In *Edwards*, the Seventh Circuit confronted the question of whether the prison mailbox rule "should apply to a pro se prisoner's filing of a motion under Rule 59(e) as well," and answered the question in the affirmative. *Id.* The date of filing for purposes of the prison mailbox rule is the date that the pro se prisoner "certifie[s] to the court that he deposited the motion in the prison mailbox with the correct postage." *Id.* In Petitioner's case, his certification states that he "placed th[e] motion in the Institution's mailbox with prepaid first-class postage on Tuesday, October 25, 2022." *Id.*

Petitioner's Rule 59(e) motion is untimely. Rule 59(e) provides that a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." The same was reiterated in the Court's order denying Petitioner's amended petition. ECF No. 50 at 29. The Court's order and judgment were entered September 26, 2022; Petitioner's motion was filed under the prison mailbox rule on October 25, 2022, which was one day too late. The Court has no discretion over the motion's timeliness and may not extend the deadline. Fed. R. Civ. P. 6(b)(2).

However, the Seventh Circuit has "established a bright-line rule that any [Rule 59(e) motion for reconsideration filed after the deadline must be construed as a motion to vacate" under Rule 60(b). *Williams v. Illinois*, 737 F.3d 473, 475 (7th Cir. 2013) (citing *Justice v. Town of Cicero, Ill*, 682 F.3d 662,

665 (7th Cir. 2012)). "Relief under Rule 60(b) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Daniels v. Brennan*, 887 F.2d 783, 790 (7th Cir. 1989) (citations omitted). The grounds for Rule 60(b) relief are:

1) mistake, inadvertence, surprise, or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4) the judgment is void;
5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Recently, the U.S. Supreme Court held that in addition to mistakes of fact, legal errors may be "mistakes" for purposes of Rule 60(b)(1), *Kemp v. United States*, 142 S.Ct. 1856, 1865 (2022). Consequently, the Court analyzes Petitioner's motion under Rule 60(b).[2] The Rule 60(b) subsections "are not overlapping," meaning that the Court must analyze each argument Petitioner raises under only one subsection; here, the Court determines that the first is the most appropriate as to all of Petitioner's arguments. *Mendez v. Republic Bank*, 725 F.3d 651, 658 (7th Cir. 2013).

---

[2]A Rule 60(b) motion that attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings" need not be construed as a second or successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 632 (2005).

### 3.     ANALYSIS

#### 3.1     Petitioner's Denial of Self-Representation Claim

Petitioner argues that the Court "mistakenly overlooked" his claim that he was denied his right to represent himself, and that de novo review is required because the state courts rejected the claim as res judicata. ECF No. 54 at 2 (citing, e.g., *Warren v. Baenen*, 712 F.3d 1090, 1098, 1105 – 06 (7th Cir. 2013)).

In its underlying order, the Court explained that "Petitioner raised denial of his right to self-representation in his first pro se postconviction motion" under Wis. Stat. § 974.06. ECF No. 50 at 11. The Court continued, observing that, "upon consideration of Petitioner's first pro se postconviction motion, the Wisconsin Court of Appeals cited and applied *Escalona* and *Romero* to Petitioner's claim of denial of his right to self-representation." (citing *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994); *State v. Romero-Georgana*, 849 N.W.2d 668 (Wis. 2014)). "Together, these decisions hold that '[w]ithout a sufficient reason, a defendant may not bring a claim in a § 974.06 motion if that claim could have been raised in a previously filed [§] 974.02 motion and/or on direct appeal.'" *Id.* (quoting *Romero-Georgana*, 849 N.W.2d at 672). Where a petitioner alleges that the "sufficient reason" is ineffective assistance of postconviction counsel, "[s]uch a 'sufficient reason' requires a demonstration that the claims a defendant seeks to raise are "'clearly stronger' than the claims that were brought on direct appeal." *Id.* (quoting *Romero-Georgana*, 849 N.W.2d at 679). The Seventh Circuit is clear that both *Escalona* and *Romero* constitute adequate and independent state law grounds that bar federal habeas review. *Id.* (citing *Perry v. McCaughtry*, 308 F.3d 682, 690 (7th Cir. 2002)); *see also Whyte v. Winkleski*, 34 F.4th 617, 625 (7th Cir. 2022).

The adequate and independent state law ground doctrine cautions that "[w]hen the last state court to issue an opinion on a petitioner's federal claim has resolved that claim on an adequate and independent state ground, federal habeas review of the claim is foreclosed." *Miranda v. Leibach*, 394 F.3d 984, 991 (7th Cir. 2005). "The doctrine applies regardless of whether the state law ground is substantive or procedural." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). Where the doctrine applies, "[a]ny such ruling on the federal claims would be advisory, given the fact that on remand the state court would still deny petitioner relief on the independent and adequate state law ground." *Woods v. Schwartz*, 589 F.3d 369, 373 (7th Cir. 2009) (citing *Coleman*, 501 U.S. at 729 ("Because this Court has no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory.")).

The Court has revisited the Wisconsin Court of Appeals' decision on Petitioner's first pro se postconviction motion, and confirmed that the Wisconsin Court of Appeals denied the claim on the grounds that it was not "clearly stronger than issues actually raised by postconviction counsel." ECF No. 39-18 at 4–7. Thus, as the Court held in its underlying order, the claim is unavailable for federal habeas review under the adequate and independent state law ground doctrine.

Petitioner argues throughout his motion that de novo review should be applied where the state courts denied a claim as "res judicata." First, as explained, Petitioner conflates the adequate and independent state law ground doctrine (in which *Escalona* and *Romero* fit) with res judicata. Where the state court denies a claim brought for the first time on a Wis. Stat. § 974.06 motion (and a prior Wis. Stat. § 974.02 motion had been filed)

because the petitioner failed to show sufficient reason to avoid procedural default, or where ineffective assistance of postconviction counsel is raised to excuse the default and such claims are not "clearly stronger" than claims brought in the previous § 974.02 motion, such denial is an independent and adequate state law ground, not res judicata. The cases Petitioner cites stand for the proposition that de novo review is appropriate where a state court bypasses an issue because, for example, it "erroneously believed that the issue had been addressed on direct appeal." *Warren*, 712 F.3d 1090, 1098 (7th Cir. 2013). That is not what happened here; the state court did not bypass the pertinent issues, but analyzed them and determined they were not clearly stronger than issues actually previously raised under *Escalona* and *Romero*.

Petitioner argues in other areas throughout his motion that where the Court determined in its underlying order that the state court "did not apply federal law" to a claim, but still decided a claim on its merits, de novo review is appropriate. ECF No. 54 at 2 (citing *Harris v. Thompson*, 698 F.3d 609, 623–25 (7th Cir. 2012)). Petitioner again conflates the Court's language as to the appropriate standards of review.

As explained, the independent and adequate state law ground doctrine "applies regardless of whether the state law ground is substantive or procedural." *Richardson*, 745 F.3d at 268. "But given what a petition for habeas corpus is, the substantive merit of a legal claim contained therein is bound to be governed by federal law. Accordingly, when a state court relies on an independent and adequate state law ground to resolve such a claim, the state law ground is usually procedural." *Id.*

Case 2:16-cv-00745-JPS   Filed 12/19/22   Page 6 of 23   Document 62

While "it is not always easy for a federal court to apply the independent and adequate state ground doctrine," courts will presume that there is no independent and adequate state law ground when a state court's adjudication of a federal claim "fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion." *Coleman v. Thompson*, 501 U.S. 722, 735 (1992) (citations omitted). It follows that, to apply the doctrine, "[t]he state court must have actually relied on that rule—and not on a parallel or interwoven federal basis—in order to foreclose our review." *Richardson*, 745 F.3d at 269 ("We do not construe genuine ambiguity in favor of the state; if it 'fairly appears' that the state court rested its decision primarily on federal law or is interwoven therewith, a federal court may review the federal question unless the state court's opinion contains a 'plain statement' that its decision rests on state grounds.") (citations omitted).

In its underlying order, the Court determined that certain applications of state law by the Wisconsin Court of Appeals, such as regarding due process (ECF No. 50 at 12) and sufficiency of the evidence (*id.* at 19) were sufficiently interwoven with federal law such that review as not precluded under the independent and adequate state law ground doctrine. *See, e.g., Falconer v. Lane*, 905 F.2d 1129, 1134 (7th Cir. 1990) ("[I]f a defendant presents the state courts with a state claim that is functionally identical to a federal claim, then we must regard the federal claim as fairly presented."). The fact that the state court addressed these claims on the merits, but applied state law, does not support de novo review. Not only were the pertinent claims here interwoven with federal law, but *Harris* has been explicitly called into question in light of the U.S. Supreme Court's

decision in *Johnson v. Williams*, 568 U.S. 289 (2013). *Lee v. Avila*, 861 F.3d 565, 571 n.1 (7th Cir. 2017) (quoting *Williams*, 568 U.S. at 300) ("[I]t is by no means uncommon for a state court to fail to address separately a federal claim that the court has not simply overlooked."). As explained in *Warren*, de novo review is appropriate where the state court clearly bypassed a claim (which does not include deciding a claim under *Escalona* or *Romero*). That is not the case as to any of Petitioner's claims here.

### 3.2 Petitioner's Jury Instruction Due Process Claim

Petitioner argues that the Court overlooked his claim that the state trial court violated his due process rights by treating Wis. Stat. §§ 940.05 (second-degree intentional[3] homicide) and 940.02 (first-degree reckless homicide) disjunctively. ECF No. 54 at 4. The Court understood and addressed this claim as part of Ground One, *see* ECF No. 50 at 7, but Petitioner raises it in his 60(b) motion in connection with the Court's analysis of Ground Two, ECF No. 54 at 5. Petitioner also contends that, when the Court parenthetically noted that he relied upon an overruled case and outdated statutory code, the Court overlooked cases relied upon by the overruled case that are still good law, as well as commentary from the Wisconsin Supreme Court that its holding was not affected by the change in the statutory code. *Id.*

---

[3]The Court's underlying order contains a typographical error referring to Wis. Stat. § 940.05 as covering second-degree reckless homicide. ECF No. 50 at 6. Section 940.05 covers second-degree intentional homicide. The typographical error was in the portion of the Court's order summarizing how the circuit court characterized Petitioner's claims. Section 940.05 was correctly written as covering second-degree intentional homicide in the portion of the Court's order summarizing Petitioner's claims before this Court in the instant Section 2254 petition. ECF No. 50 at 7. Petitioner was convicted of first-degree reckless homicide (Wis. Stat. § 940.02). ECF No. 30-9 at 3.

Case 2:16-cv-00745-JPS   Filed 12/19/22   Page 8 of 23   Document 62

In its underlying order, the Court noted that Petitioner's reliance on *State v. Harp*, 443 N.W.2d 38 (Wis. Ct. App. 1989) was misplaced, as *Harp* was overruled by *State v. Camacho*, 501 N.W.2d 380 (Wis. 1993). ECF No. 50 at 20. The Court stands by that conclusion. *Compare Harp*, 443 N.W.2d at 882 ("The instruction did not completely and correctly state the law, since nothing in the second-degree murder instruction informed the jury that defendant must not be convicted of second-degree murder if, due to his unreasonable belief or amount of force used, the self-defense privilege did not apply."), *with Camacho*, 501 N.W.2d at 390 ("We now make clear that the crime of attempted imperfect self-defense manslaughter does contain an objective threshold element requiring that the defendant reasonably believe that he is preventing or terminating an unlawful interference. The court of appeals' decision was based on a prior decision by the court of appeals in *State v. Harp* []. To the extent that it contradicts our holding today, we hereby overrule the court of appeals' decision in *Harp*."). The *Camacho* court further explained that "the instructions given by the circuit court . . . accurately stated the law pertaining to the crime of imperfect self-defense manslaughter. The circuit court instructed the jury to find Camacho guilty of first-degree murder if 'the belief by the defendant that he was entitled to use self-defense was unreasonable.'" *Id.* at 389.

As to both perfect self-defense (i.e., where the belief and the force used are reasonable) and imperfect self-defense (i.e., where the belief is reasonable, but the force used is unreasonable), the Wisconsin pattern jury instructions explain that:

> The effect of the privilege of self-defense in a case where first degree intentional homicide is charged is as follows:

(a) if the exercise of the privilege was reasonable, both in inception and scope, the defendant is not guilty of any crime;

(b) if the defendant actually believed it was necessary to use force in self defense, but acts unreasonably, the defendant is guilty of second degree intentional homicide. He or she may act unreasonably in either of two ways:

i) the belief that it was necessary to act in self-defense may be unreasonable; or

ii) the amount of force used may be unreasonable

(c) if the defendant did not actually believe it was necessary to use force in self defense, the defendant is guilty of first degree intentional homicide.

Wis. J-Crim. 1016. This is precisely how the trial court instructed the jury as to these offenses. ECF No. 30-35 at 117 ("The defendant is guilty of second-degree intentional homicide if he caused the death of Joseph McGowan with the intent to kill and actually believed the force used was necessary to prevent the imminent death of -- or great bodily harm to himself, but if the belief or amount of force used was unreasonable, the defendant is guilty of first-degree intentional homicide if the defendant caused the death of Joseph McGowan with the intent to kill and did not actually believe the force used was necessary to prevent imminent death or great bodily harm to himself.").

As the Court noted in its underlying order, also in line with the pattern jury instructions, the trial court instructed the jury that "the law of self-defense is that the defendant is not guilty of any homicide offense if the defendant reasonably believed that he was preventing or terminating an unlawful interreference with his person and reasonably believed the force

was necessary to prevent death or great bodily harm to himself," ECF No. 35 at 115–16, and "The defendant is guilty of first-degree reckless homicide if the defendant caused the death of Joseph McGowan by criminally reckless conduct and the circumstances of the conduct showed utter disregard for human life. You will be asked to consider the privilege of self-defense in deciding whether the elements of first-degree reckless homicide are present," *id.* at 117–18. Both instructions are identical nearly word-for-word to the Wisconsin pattern jury instructions. Wis. J-Crim. 1016.

Petitioner claims that the instructions, which he contends are "disjunctive," raise a federal due process claim in light of *Bouie v. City of Columbia*, 347 U.S. 347, 356 (1964), which holds that a state court's construction of a criminal statute must be foreseeable. ECF No. 54 at 4. As the Wisconsin Court of Appeals noted, the trial court here instructed the jury using the pattern jury instructions. ECF No. 30-9 at 8. There is no due process error.

Regardless, the Court need not have considered this claim on the merits at all. When the Wisconsin Court of Appeals reviewed this precise issue ("Patterson contends that the circuit court's instructions . . . did not instruct the jury that if Patterson actually believed that deadly force was necessary, then he could not be convicted of first-degree reckless homicide"), it noted that Petitioner did not object to the jury instructions at trial, which prohibited review of the issue. ECF No. 30-9 at 8 ("The Wisconsin Supreme Court has explained that Wis. Stat. § 805.13(3) prohibits this court from reviewing unobjected-to jury instructions.") (citing *State v. Schumacher*, 424 N.W.2d 672 (1988)). As the Court explained in its underlying order, "[t]his District has held that a state court's decision to abstain from considering an issue on the basis of Section 805.13(3)—

regarding waiver resulting from the failure to object to jury instructions—is 'an adequate and independent state law reason for deciding against' a habeas petitioner, which precludes federal habeas review."). ECF No. 50 at 15 – 16 (citing *McCarville v. Baldwin*, 828 F. Supp. 626, 629 (E.D. Wis. 1993)).

Thus, to the extent that Petitioner clarifies in his motion that this claim is more properly part of Ground Two than Ground One, and thus revolves around the jury instructions, the claim was not available for federal habeas review, in any event.

### 3.3 Petitioner's *Duncan* Denial of Jury Trial Claim

Petitioner cites *Duncan v. Louisiana*, 391 U.S. 145 (1968) for the proposition that his alleged errors in the jury instructions denied him a jury trial and a unanimous verdict, and contends that the Court overlooked this distinct claim when it decided the instructional errors. ECF No. 54 at 6. *Duncan* applies the right to a jury trial to the states. *Duncan*, 391 U.S. 145. The Wisconsin Court of Appeals confronted this claim on Petitioner's first Wis. Stat. § 974.06 motion, explaining that Petitioner was not denied a trial or the opportunity to present his defense because every less serious type of criminal homicide is a lesser-included offense of first-degree intentional homicide. ECF No. 30-18 at 6. The jury was instructed on first- and second-degree intentional homicide as well as on first-degree reckless homicide. ECF No. 30-35 at 115–18. The Court analyzed the "elements" test in its underlying order, finding that it is not contrary to clearly established federal law. ECF No. 29 at 14. The Court stands by that conclusion.

### 3.4 Petitioner's *Tumey* Judicial Bias Claim

Petitioner contends that the Court overlooked his claim that the trial court committed error by arbitrarily finding him indigent, and instead focused only his due process claim as to the appointment of counsel issue.

ECF No. 54 at 7. Petitioner explains that he previously filed a motion for reconsideration of the Court's screening order to ensure this claim was before the Court. *Id.* (citing ECF No. 33). Petitioner maintains these claims are distinct. At bottom, however, Petitioner's judicial bias/indigency claim is a due process claim, which the Court addressed in its underlying order. ECF No. 50 at 12.

Petitioner raised the judicial bias claim as to indigency in his second Wis. Stat. § 974.06 motion. The Wisconsin Court of Appeals analyzed the claim, explaining that, "[t]he right to an impartial judge is a fundamental to our notion of due process." ECF No. 30-25 at 3 (quoting *State v. Goodson*, 771 N.W.2d 385 389 (Wis. Ct. App. 2009)). The Wisconsin Court of Appeals also thoroughly analyzed the sequence of events leading to the appointment of Petitioner's trial counsel. The Court reviewed these events in its underlying order and found no due process violation. ECF No. 20 at 13.

Specifically in support of his indigency/judicial bias claim, Petitioner cites *Tumey v. State of Ohio*, 273 U.S. 510, 514 (1927), which holds that an accused is deprived due process of law when a judge has a "pecuniary and other interest . . . in the result of the trial." The Wisconsin Court of Appeals determined that "[t]here was nothing about [the appointment of counsel] process that suggests the circuit court acted in a biased manner or with an appearance of bias . . . . To the contrary, the circuit court went to great lengths to accommodate Patterson." ECF No. 30-5 at 3. This holding was neither contrary to clearly established federal law, nor was it an unreasonable determination of the facts. The sequence of events laid out in the record, as well as in the Court's underlying order, ECF No. 50 at 13, supports the Wisconsin Court of Appeals' conclusion that the trial court went to great lengths to ensure Patterson would be heard. *Tumey* is

Case 2:16-cv-00745-JPS   Filed 12/19/22   Page 13 of 23   Document 62

inapposite; there is no indication the trial court had any pecuniary or other interest in Petitioner's trial.

### 3.5 Petitioner's *Martin-Linen* Claim

Petitioner alleges that the Court overlooked a claim under *United States v. Martin Linen Supply Co.*, 430 U.S. 564 (1977). ECF No. 54 at 9. *Martin Linen* holds that the Double Jeopardy clause bars appellate review and retrial following a judgment of acquittal. *Martin Linen*, 430 U.S. at 564. *Martin Linen* is not an easy fit because Petitioner's claim is, in substance, a sufficiency of the evidence claim. ECF No. 41-2 at 37 (discussing alleged *Martin Linen* claim: "Patterson's acquittal on § 940.05 . . . proves that the evidence is insufficient on all charges since § 940.05 includes § 940.02"). The Court examined the Wisconsin Court of Appeals' holding as to this claim when it was raised on Petitioner's Wis. Stat. § 974.02 motion, which holding rested on sufficiency of the evidence. ECF No. 50 at 19 (citing ECF No. 30-9 at 5).

Petitioner again raised this claim in his first Wis. Stat. § 974.06 motion. ECF No. 30-18 at 4 (explaining Petitioner's claim as one that he "is innocent and must be acquitted of reckless homicide because there was insufficient evidence to convict him and because there was an 'acquittal' on second-degree intentional homicide"). The Wisconsin Court of Appeals again examined the claim as one of sufficiency of the evidence:

> Sufficiency of the evidence was previously litigated in *Patterson I. See id.*, No. 2013AP749-CR, ¶¶10-14. There, we explained how the jury could acquit on first degree intentional homicide—by rejecting the notion that Patterson intended to kill McGowan— while convicting Patterson of the reckless homicide by concluding that his conduct was criminally reckless. *See id.*, ¶¶13-14. Like first-degree intentional homicide, second-degree intentional homicide has

Case 2:16-cv-00745-JPS   Filed 12/19/22   Page 14 of 23   Document 62

an intent element, see WIS. Stat. § 940.05(1), so an "acquittal" on that offense also does not necessitate acquittal on the reckless homicide.

The Court explained in its underlying order that the Wisconsin Court of Appeals' holdings do not run contrary to clearly established federal law. ECF No. 50 at 19. *Martin Linen* does not provide authority to the contrary, and the Court will not issue a decision on the matter of the elements of a state criminal charge (which would be advisory) when those elements do not run contrary to clearly established federal law, or otherwise violate the Constitution, laws, or treaties of the United States (which analysis the Court also took up in its underlying order). ECF No. 50 at 10, 19; *see also Jackson v. Virginia*, 443 U.S. 307, 324 n.16 (1979); *Wagner v. Mcdermott*, No. 16-CV-106-PP, 2020 WL 6136123, at *4 (E.D. Wis. Oct. 19, 2020).

### 3.6 Petitioner's *Jackson-Fiore* Claim, Self-Defense Instructional Claim, and *Falconer* Claim

Petitioner claims that the Court resolved his claim under *Jackson*, 443 U.S. at 307 (which holds that a federal habeas court must consider "whether there was sufficient evidence to justify a rational trier of fact to find guilt beyond a reasonable doubt"), but that such claim was only a subsidiary of his "*Jackson/Fiore*" claim, which also invokes *Fiore v. White*, 531 U.S. 225 (2001). ECF No. 54 at 9. *Fiore* holds that the Due Process Clause forbids conviction of a crime without proving the elements of that crime beyond a reasonable doubt. *Fiore*, 531 U.S. at 229. Petitioner argues that his *Jackson-Fiore* claim involves the State's failure to negate self-defense beyond a reasonable doubt. ECF No. 54 at 11. Petitioner appears to understand this claim as a sufficiency of the evidence claim, *id.* at 11, as did the state courts,

ECF Nos. 30-9 at 5, 30-18 at 3–5. Petitioner also raises this claim as an instructional claim, ECF No. 54 at 13, which the Court takes up below.

As noted, the Court analyzed sufficiency of the evidence in its underlying order, and found that the Wisconsin Court of Appeals' analyses were not contrary to federal law. ECF No. 50 at 19. The Court looked beyond the jury instructions to the record to determine whether that evidence could "reasonably support a finding of guilt beyond a reasonable doubt," and concluded that it did. *Jackson*, 443 U.S. at 318; ECF No. 50 at 20. Petitioner apparently takes issue with the fact that the Wisconsin Court of Appeals conducted the same sufficiency of the evidence analysis as to multiple claims that he maintains are distinct, but this does not in any way suggest the claims were not considered. *Lee*, 861 F.3d at 571 n.1. The Court agrees that the claims were all properly adjudicated on the sufficiency of the evidence analysis, and does not find constitutional error as to that analysis; in other words, the evidence reasonably supports the jury's verdict of first-degree reckless homicide beyond a reasonable doubt.

Petitioner also raises an error as to the jury instructions regarding the State's burden to negate self-defense beyond a reasonable doubt. ECF No. 54 at 13. As the Court noted in its underlying order, and also explained above in this Order, Petitioner did not object to the jury instructions, and the Wisconsin Court of Appeals declined to consider the claims on that basis. ECF No. 50 at 15. That is an adequate and independent state law ground that precludes federal habeas review of the claims. Nonetheless, in its underlying order, the Court briefly addressed the merits of the claims due to the domino effect they had on the other claims before it. *Id.* at 16–18. The Court maintains in this Order that it need not review this claim at all in light of the independent and adequate state law doctrine.

Petitioner refers the Court to *Brown v. Eplett*, 48 F.4th 543, 554 (7th. Cir. 2022), which explains that, under Wisconsin law, self-defense becomes a negative defense rather than an affirmative defense when there is a mens rea of recklessness. In that regard, the *Brown* court explains, "because the defense in such cases serves to negate one or more elements of the charged crime, an error in describing the State's burden of proof with respect to a negative defense or in articulating the elements of the defense may well implicate the defendant's due process rights." *Id.* (citing *State v. Schulz*, 307 N.W.2d 151, 156 (Wis. 1981) (if asserted defense challenges an element of the charged crime, "the state bears the burden of proving this element beyond a reasonable doubt" and in the face of negative defense, "the burden of persuasion cannot be placed upon the defendant without violating his right to due process of law").

In its underlying order, the Court explained, citing Wisconsin criminal jury instructions on first-degree intentional homicide, second-degree intentional homicide, and first-degree reckless homicide, that "the Wisconsin legislature has opted to place the burden on the State to disprove self-defense beyond a reasonable doubt." ECF No. 50 at 16 (citing Wis. J-Crim. 1016). The Court examined the jury instructions with this burden of proof allocation in mind and found no constitutional error. *Id.* at 18. Thus, that negating self-defense becomes the state's burden by way of being called a "negative defense" versus an "affirmative defense" does not change the Court's underlying analysis.

Even so, the Court has revisited the jury instructions, with an eye specifically towards the first-degree reckless homicide instruction, which appears to be the instruction on which Petitioner focuses in his 60(b)

motion. ECF No. 54 at 23. The trial court instructed the jury as to this charge that

> Before you may find the defendant guilty of first-degree reckless homicide, the State must prove by evidence which satisfies you beyond a reasonable doubt that the following three elements were present . . . . two, that the defendant caused the death by criminally reckless conduct.
>
> "Criminally reckless conduct" means the conduct created a risk of death or great bodily harm to another person and the risk of death or great bodily harm was unreasonable and substantial and the defendant was aware that his conduct created the unreasonable and substantial risk of death or great bodily harm. If the defendant was acting reasonably in the exercise of the privilege of self-defense, his conduct did not create an unreasonable risk to another.
>
> And the third element is that the circumstances of the defendant's conduct showed utter disregard for human life. In determining whether the conduct showed utter disregard for human life, you should consider these factors: What the defendant was doing, why the defendant was engaged in that conduct, how dangerous the conduct was, how obvious the danger was, whether the conduct showed any regard for [] life and all other facts and circumstances relating to the conduct.
>
> You should consider the evidence relating to self-defense in deciding whether the defendant's conduct showed utter disregard for human life.
>
> If you are satisfied beyond a reasonable doubt that the defendant caused the death of Joseph McGowan by criminally reckless conduct and that the circumstances of the conduct showed utter disregard for human life, you should find the defendant guilty of first-degree reckless homicide. [ . . . ]
>
> The burden of establishing every fact necessary to constitute guilt is upon the State.

ECF No. 30-35 at 126–30. The trial court specifically read these instructions to ensure that the jury considered "whether or not the State has met its burden of proof with regard to self-defense." *Id.* at 94. As it held in its underlying order, the Court finds no due process error with the instructions.

For the same reasons explained here, and above in Section 3.1, the Court does not find any mistake in the analysis it conducted as to Petitioner's claim under *Falconer*, 905 F.2d 1129, which Petitioner raises again in his 60(b) motion. ECF No. 50 at 18; ECF No. 54 at 15. As with other claims regarding the jury instructions, this claim was denied by the state courts on independent and adequate state law procedural grounds. Even if it were not, the errors in *Falconer*—where the court found due process error where a voluntary manslaughter charge was read to the jury, but the jury was not instructed as to the mitigating states of mind listed in the Illinois statute—are not present as to the instructions and Wisconsin statutes here.

### 3.7 Deprivation of Counsel Claims and Ineffective Assistance of Trial and Post-Conviction Counsel Claims

Petitioner requests relief from judgment on his ineffective assistance of trial and post-conviction claims.[4] As the Court explained in its underlying order, these claims were procedurally defaulted, as the Wisconsin Court of Appeals affirmed denial of the claims on Petitioner's

---

[4]Petitioner also requests relief from judgment on his claim that he was constructively denied counsel when the trial court instructed on Wis. Stat. § 940.02 (first-degree reckless homicide) at the close of evidence. The Court explained in its underlying order that because the offense was a lesser offense of the offense he was charged with, he had sufficient notice and opportunity to present a defense. ECF No. 50 at 13–14. To the extent Petitioner now presents the claim as one of ineffective assistance of counsel, the claim is procedurally defaulted, for the reasons explained in this Order and the Court's underlying order.

Wis. Stat. § 974.06 motion on independent and adequate state law grounds, i.e., *Escalona* and *Romero*. *See* ECF No. 50 at 21–22 (explaining that the ineffective assistance of trial counsel claims were procedurally defaulted by the state court's application of *Escalona* and that the ineffective assistance of post-conviction counsel claims were procedurally defaulted by the state court's application of *Romero*, as they did not satisfy the pleading threshold necessary to excuse the *Escalona* bar); *see supra* p. 4.

The Court excused the default. ECF No. 50 at 22 (citing *Martinez v. Ryan*, 566 U.S. 1, 11 (2012)). However, recent Seventh Circuit case law has made clear that *Martinez* does not apply in Wisconsin and, more specifically (and importantly) as to Petitioner's procedural posture, does not apply at the Wis. Stat. § 974.06 stage, where a Wis. Stat. § 974.02 motion was also filed. *Whyte*, 34 F.4th at 622 (2022 Seventh Circuit decision holding that ineffective assistance claims raised in Wis. Stat. § 974.06 motion and denied based on *Escalona* or *Romero* are procedurally defaulted).[5] Thus, the Court need not have excused the default on this basis.

Petitioner did not argue cause and prejudice to excuse the default in his initial brief, nor does he do so in his 60(b) motion. This is because he contends that the claims should be reviewed de novo, *see, e.g.*, ECF No. 41-2 at 94, or that the state court's application of *Escalona* was a "merits review," *see, e.g.*, ECF No. 54 at 26. The Court addressed Petitioner's standard of review arguments earlier in this Order. *See supra* p. 5.

---

[5] *Nash v. Hepp*, 740 F.3d 1075, 1079 (7th Cir. 2014) (*Martinez-Trevino* does not apply in Wisconsin because "Wisconsin law expressly allows—indeed in most cases requires—defendants to raise claims of ineffective assistance of trial counsel as part of a consolidated and counseled *direct* appeal, and provides an opportunity to develop an expanded record").

Even if Petitioner did argue cause and prejudice, the Court addressed the merits of the claims in its underlying Order and did not find a violation of *Strickland v. Washington*, 466 U.S. 668 (1984). ECF No. 50 at 22–26. The Court will make one correction that, as to the argument regarding other-act evidence, the record shows that the jury heard testimony that Petitioner had previously witnessed McGowan shoot (not kill) a man, *see* ECF No. 41-5 at 14–16, but did not hear testimony that McGowan had previously killed two men, as the trial court determined that the latter incidents were remote and vague. ECF No. 41-5 at 10–12.

This correction does not change the Court's conclusion that testimony regarding additional other-act incidents would not result in a reasonable probability of a different outcome, under the second prong of *Strickland*. ECF No. 50 at 26. Both of the incidents Petitioner challenges involved overheard testimony from 13 years and 7 years, respectively, prior to Petitioner's initial charge in this case. *Id.* at 10 (1997 incident "involv[ing] a shooting of a gun by the victim, according to what the victim told the defendant days later"); *id.* at 11 (2003 incident involving "shooting up of the car that the victim told others he did"). Notably, in addition to hearing testimony from Petitioner regarding a shooting by McGowan that Petitioner himself witnessed in September 2009, ECF No. 41-5 at 16, the trial court also permitted testimony as to a January 2010 incident where McGowan threatened and fought with Petitioner, which incident led Petitioner to purchase a firearm, ECF No. 41-5 at 6–7. In addition to this evidence, the jury heard testimony from Petitioner himself as to his state of mind leading up to the shooting and during the shooting. ECF No. 30-9 at 2–3, which the Court addressed in its underlying order. ECF No. 50 at 4.

Moreover, under the first prong of *Strickland*, Petitioner's trial counsel did not perform below objective standards for reasonably effective representation. The governing law for the trial court was *McMorris v. State*, 205 N.W.2d 559, 563 (Wis. 1973), which places the admission of such other-act evidence "in the exercise of sound and reasonable discretion by the trial court." A state court's reasonable exercise of discretion as to admitting *McMorris* evidence "does not run afoul of either state or federal rules of evidence, much less his federal constitutional right to present a defense." *Neevel v. Herns*, 15-CV-588-WMC, 2018 WL 6441071, at *5 (W.D. Wis. Dec. 7, 2018). Petitioner's trial counsel argued for all of the other-act evidence to come in, ECF No. 41-5 at 4, knowing they faced a discretionary standard.

Other than making this factual correction, the Court will not re-address the merits of any other ineffective assistance of counsel claim, which analyses are laid out in its underlying order. As explained, absent Petitioner arguing cause and prejudice, which he did not, the Court need not even have reached the merits given the state court's denial of these claims on independent and adequate state law grounds.

4. **CONCLUSION**

For the reasons stated above, the Court does not find mistake representing an "extraordinary circumstance" that creates a "substantial danger that the underlying judgment was unjust" warranting Rule 60(b) relief. *Daniels*, 887 F.2d at 790. Petitioner's motion for relief from judgment, ECF No. 54, will consequently be denied. The Court stands by its decision in its underlying order, ECF No. 50 at 27, to deny Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner Brian A. Patterson's motion for relief from judgment, ECF No. 54, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge